

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNELL COX; DAVID DOOLITTLE and CAROLYN DOOLITTLE, husband and wife; JUAN A. HUERTA; and KATHERINE FORREST,<br><br>    Plaintiffs,<br><br>    v.<br><br>DJO, LLC, a Delaware corporation, et al.,<br><br>    Defendants. | Civ. No. 07-1310-AA<br>OPINION AND ORDER |

AIKEN, Chief Judge:

Plaintiffs filed suit alleging negligence and products liability arising from the post-operative use of pain pump devices in their shoulder joints. Defendants Moog, Inc. (Moog) and Curlin Medical, Inc. (Curlin) move for summary judgment on plaintiffs' claim of successor liability, arguing that no evidence establishes their liability as successors in interest to defendant McKinley Medical, LLC (McKinley LLC), a manufacturer of the accused pain pumps. The motion is granted.

1    - OPINION AND ORDER

## BACKGROUND

In 2004 and 2005, plaintiffs Donnell Cox, David Doolittle and Katherine Forrest (plaintiffs) each underwent arthroscopic shoulder surgery. Surgeons inserted pain pump devices in plaintiffs' shoulder joints to deliver pain medication via catheter for up to 72 hours. Plaintiffs subsequently developed glenohumeral chondrolysis - a painful, debilitating condition involving the rapid deterioration and loss of cartilage in the shoulder joint.

McKinley LLC manufactured the pain pumps devices that were inserted in plaintiffs' shoulder joints after surgery. The pain pumps are part of product lines known commercially as the Accufuser and beeLINE.

On July 14, 2006, Moog and its wholly-owned subsidiary Curlin entered into a Merger Agreement with McKinley LLC. Under terms of the agreement, McKinley LLC would transfer the Accufuser and beeLINE products lines to McKinley Medical Corp., a subsidiary of McKinley LLC created solely for the purpose of the asset transfer. Thereafter, Curlin would merge with McKinley Medical Corp. and acquire the Accufuser and beeLINE products. Curlin agreed to "continue at least one significant historic business line" of McKinley Medical Corp., and McKinley LLC agreed to indemnify Curlin and Moog for any liability arising from pain pump products manufactured or sold prior to the closing date. Beattie Decl., Ex. 3, pp. 26, 33, 39 (Merger Agreement §§ 4.6, 5.14, 8.2(a)(iv)).

2   - OPINION AND ORDER

During the due diligence period, McKinley LLC informed Curlin and Moog that in early 2006, it received a report from a pain pump distributor regarding chondrolysis. No litigation or claim based on the use of the pain pumps was pending against McKinley LLC at the time of the Merger Agreement.

On August 23, 2006, McKinley LLC and McKinley Medical Corp. executed a General Assignment, Conveyance, and Assumption Agreement (Assignment). Pursuant to the Assignment, McKinley LLC conveyed all tangible and intangible assets of the Accufuser and beeLINE products - including accounts receivables, tangible personal property, inventory, distribution agreements, and intellectual property - to McKinley Medical Corp. Beattie Decl., Ex. 2, pp. 1-8. McKinley LLC also conveyed certain liabilities such as accounts payable and other contractual duties. Id. Ex. 2, pp. 1, 9.

Upon the conveyance of assets, Curlin merged with McKinley Medical Corp. and acquired the Accufuser and beeLINE product lines. As of August 23, 2006, McKinley Medical Corp. ceased to exist as an corporate entity.

Following the merger between Curlin and McKinley Medical Corp., business associated with the Accufuser and beeLINE pain pumps was transferred from McKinley LLC's headquarters in Wheat Ridge, Colorado to Curlin's headquarters in Huntington Beach, California. The Accufuser and beeLINE manufacturing companies, suppliers, and customers remained the same. Curlin hired several

3    - OPINION AND ORDER

McKinley LLC employees, though no officers or directors of McKinley LLC became officers or directors of Curlin or Moog.

McKinley LLC retained its corporate existence and continued to sell other medical devices, including the Walkmed pain pump. In May 2007, McKinley LLC sold the Walkmed product line. McKinley LLC no longer conducts commercial business, though it remains a corporate entity.

On August 31, 2007, plaintiffs filed suit in this court. McKinley LLC, Moog, and Curlin were named as defendants on February 21, 2008 and August 14, 2008. Plaintiffs allege that the intra-articular insertion of pain pumps to deliver a continuous infusion of local anesthetics caused chondrolysis in their shoulder joints. Plaintiffs allege strict products liability and negligence against McKinley LLC as the manufacturer of the pain pumps and against Moog and Curlin as successors in interest to McKinley LLC.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In turn, the non-moving party "must go beyond the pleadings" and, through affidavits,

depositions, answers to interrogatories, and admissions on file, "designate specific facts showing that there is a genuine issue for trial." Id. at 324. The materiality of a fact is determined by the relevant substantive law. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987).

Importantly, the court must construe all facts and inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); T.W. Elec., 809 F.2d at 630. Ultimately, the question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

## DISCUSSION

Moog and Curlin move for summary judgment, arguing that the acquisition of the Accufuser and beeLINE product lines through Curlin's merger with McKinley Medical Corp. was nothing more than a purchase of assets that cannot establish successor liability.[1]

Under Oregon law, when a corporation purchases the assets of another corporation, the purchasing corporation generally does not

---

[1] Moog and Curlin also contend that plaintiffs do not specifically allege successor liability in their Complaint. Regardless, Moog and Curlin do not move for summary judgment on plaintiffs' claims of negligence or strict products liability; they move for summary judgment on successor liability. Further, plaintiffs' Sixth Amended Complaint alleges that McKinley LLC "merged into its successors" Moog and Curlin. Sixth Amended Complaint, ¶3. Accordingly, I resolve the motion on its merits.

5   - OPINION AND ORDER

assume the debts and liabilities of the selling corporation. Erickson v. Grande Ronde Lumber Co., 162 Or. 556, 92 P.2d 170 (1939). However, the purchaser may be responsible for the seller's liabilities if: 1) the purchasing corporation expressly or impliedly agrees to assume those liabilities; 2) the transaction constitutes a consolidation or merger of the corporations; 3) the purchasing corporation is a "mere continuation" of the selling corporation; or 4) the corporations effectuated the transaction for fraudulent purposes to escape liability. Id. at 568, 94 P.2d 170.

The crux of plaintiffs' argument is that the merger between Curlin and McKinley Medical Corp. constitutes a merger between Curlin or Moog and McKinley LLC, because Curlin and Moog acquired and continued McKinley LLC's Accufuser and beeLINE product lines. Plaintiffs' theory is unavailing under the relevant Erickson factors.

First, Moog and Curlin did not expressly or impliedly agree to assume liability arising from pain pump products manufactured and sold by McKinley LLC prior to the conveyance of assets. To the contrary, the Assignment and Merger Agreement expressly and specifically identified the existing liabilities that were transferred to McKinley Medical Corp. and subsequently assumed by Curlin:

> Prior to the Closing Date, and on and subject to the terms and conditions of this Agreement, [McKinley Medical Corp.] shall assume and become responsible for all of the Transferred Liabilities. [McKinley Medical Corp.] will

6   - OPINION AND ORDER

> not assume or have any responsibility, however, with respect to any other obligation or liability of [McKinley LLC] not included within the definition of Transferred Liabilities.

See Beattie Decl., Ex. 3, p. 13 (Merger Agreement, § 2.2). Similarly, the Assignment provides that McKinley Medical Corp. "is not assuming any liabilities of [McKinley LLC] of any kind (the 'Retained Liabilities') other than the Transferred liabilities." Id., Ex. 2, p. 1. Liabilities arising from pain pumps manufactured by McKinley LLC were not included as "Transferred Liabilities," and McKinley Medical Corp., and ultimately Curlin, did not assume them. Id., Ex. 2, pp. 1, 9; Ex. 3, p. 87 (Merger Agreement, Schedule 1.1(f)). To further this intent of the parties, McKinley LLC agreed to indemnity Moog and Curlin for any liability arising from "products manufactured or sold prior to the Closing" date of the Merger Agreement. See Beattie Decl., Ex. 3, p. 39 (Merger Agreement, § 8.2(a)(iv)).

Second, despite plaintiffs' repeated assertions, neither Moog nor Curlin merged or consolidated with McKinley LLC. Instead, it is undisputed that Curlin merged with McKinley Medical Corp. and acquired the Accufuser and beeLINE product lines as a result. Plaintiffs nonetheless imply that this transaction constitutes a *de facto* merger between McKinley LLC and Moog/Curlin, because it effectively continued the pain pump business of McKinley LLC. Plaintiffs emphasize that the manufacture, distribution, and sales of the Accufuser and beeLINE pain pumps continued uninterrupted

7    - OPINION AND ORDER

after the merger. However, Oregon has explicitly rejected a "product line" exception to the Erickson rules governing successor liability:

> [A]part from the four exceptions identified in *Erickson*, "[i]t has long been the general rule in Oregon that, when one corporation purchases all of the assets of another corporation, the purchasing corporation does *not* become liable for the debts and liabilities of the selling corporation." Plaintiff's proposed modification of successor liability would require us to depart from that established rule.

Dahlke v. Cascade Acoustics, Inc., 216 Or. App. 27, 38, 171 P.3d 992 (2007) (quoting Tyree Oil, Inc. v. BOLI, 168 Or. App. 278, 282, 7 P.3d 571 (2000)). Therefore, I find no merger, *de facto* or otherwise, of McKinley LLC and Curlin or Moog.

Third, the evidence does not support a finding that Moog or Curlin is a "mere continuation" of McKinley LLC. "A successor corporation is merely a continuation of the predecessor corporation, despite a business transformation, if it is substantially the same as the predecessor corporation." Alicki v. Intratec USA, Inc., 769 F. Supp. 336, 340 (D. Or. 1991). Importantly, McKinley LLC retained assets after the Assignment and Merger Agreement and distributed the Walkmed pain pumps until 2007. McKinley LLC remains an existing, separate corporate entity and an active defendant in this case.

Moreover, no continuity of management, directors, or shareholders exists between McKinley LLC and Curlin or Moog, McKinley LLC received publicly-traded Moog stock in exchange for

8   - OPINION AND ORDER

the assignment of assets, and no evidence suggests that McKinley LLC received inadequate consideration. <u>Alicki</u>, 769 F. Supp. at 341; <u>see also</u> <u>Katzir's Floor and Home Design, Inc. v. M-MLS.com</u>, 394 F.3d 1143, 1150 (9th Cir. 2004); <u>Payne v. Saberhagen Holdings, Inc.</u>, 190 P.3d 102, 108 (Wash. App. 2008) ("continuity of ownership has repeatedly been held essential"); <u>Alcan Aluminum Corp. v. Elec. Metal Prods., Inc.</u>, 837 P.2d 282, 283 (Colo. App. 1992). Thus, I do not find that either Moog or Curlin is "substantially the same" corporation as McKinley LLC.

Finally, plaintiffs present no persuasive evidence that the corporate forms of McKinley LLC, Curlin, or Moog were improperly manipulated for purposes of fraud, or that the Assignment and Merger Agreement left McKinley LLC insolvent or otherwise unable to answer for its debts. In <u>Schmoll v. ACandS, Inc.</u>, 703 F. Supp. 868 (D. Or. 1998), this court found successor liability where the originating and successor corporations engaged in a complex series of corporate restructuring and stock transfers while unsuccessfully defending numerous asbestos claims. <u>Id.</u> at 872-73. Unlike <u>Schmoll</u>, no corporate restructuring has occurred here that blurs the relevant corporate identities of McKinley LLC, Curlin, or Moog.

Plaintiffs also present no evidence to suggest that McKinley LLC, Curlin or Moog structured the transaction to avoid liability. At the time of the Assignment and Merger Agreement, McKinley LLC had received and disclosed one adverse report regarding

9    - OPINION AND ORDER

chondrolysis. No claims or lawsuits had been filed against McKinley LLC, and no evidence suggests that defendants had knowledge of future litigation and conveyed the Accufuser and beeLINE pain pumps to avoid liability. Rather, according to undisputed deposition testimony, McKinley LLC, Curlin, and Moog structured the transaction to avoid detrimental tax consequences arising from the conveyance of McKinley LLC assets. See Love Decl., Ex. F (Olivieri Depo., pp. 33-34, 63, 82).

Plaintiffs nonetheless take the position that Curlin and Moog cannot deny their involvement in a merger with McKinley LLC when they "represented" to the Internal Revenue Service that a merger occurred in order to gain beneficial tax consequences. Regardless, the fact remains that no merger occurred between McKinley LLC and Curlin or Moog, and plaintiffs offer no evidence to support their assertion that the assignment of assets and subsequent merger was fraudulent or structured to avoid liability.

In sum, absent evidence of continuity of ownership and management, inadequate consideration, manipulation of corporate forms, or an improper purpose, I agree with defendants that the Assignment and Merger Agreement constitute nothing more than an asset purchase that cannot support successor liability.

## CONCLUSION

Plaintiffs present no persuasive evidence to support their claim of successor liability against Moog and Curlin. Accordingly,

defendants Moog and Curlin's Motion for Summary Judgment (doc. 278) is GRANTED, and plaintiffs' Cross-Motion for Summary Judgment (doc. 304) is DENIED.

IT IS SO ORDERED.

DATED this _D_ day of November, 2009.

_____
Ann Aiken
Chief United States District Judge